UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIVER RAMIREZ, | Case No.: 20-cv-1109-MMA(BLM) |
| Plaintiff, | **ORDER FOLLOWING IN CAMERA REVIEW** |
| v. | |
| R. GUTIERREZ, et al., | |
| Defendants. | |

On June 29, 2021, Plaintiff submitted a motion to compel discovery that was received by the Court on July 13, 2021 and accepted on discrepancy on July 19, 2021.  ECF Nos. 31 & 32.  Defendants opposed the motion on August 17, 2021.  ECF No. 40.  Plaintiff replied on September 30, 2021.  ECF No. 44.

On October 12, 2021, the Court issued an Order Granting In Part and Denying In Part Plaintiff's Motion to Compel.  ECF No. 45.  In the order, the Court found that with respect to Plaintiff's request to compel further response to Request for Production ("RFP") Nos. 4 and 6, Defendants satisfied the threshold requirement for application of the Official Information Privilege.  See Id. at 15.  The Court ordered Defendants to lodge unredacted copies of the memoranda dated August 12, 2020, November 9, 2020, and June 17, 2019, so the Court could determine whether the Official Information Privilege applies.  Id. at 10.  The Court also ordered

Defendants to lodge unredacted and redacted versions of documents responsive to RFP Nos. 1, 2, 5, and 8 so the Court could determine whether the redactions were appropriate.  See Id. at 7-9.  On October 22, 2021, Defendants lodged the required documents with the Court and filed under seal pursuant to this Court's order a pleading explaining the redactions and withholdings. ECF Nos. 46-47.

The Court has reviewed all of the documents submitted by the Defendants.  For the reasons detailed below, Defendants are **ORDERED** to produce portions of the August 12, 2020 and November 9, 2020 memoranda.

## I.     Plaintiff's Request for Production of Documents No. 1, 2, and 5

Defendants produced bates-stamped documents AG1-20 in response to RFP Nos. 1, 2, and 5.  These documents contained redactions.  ECF No. 40-1, Declaration of Blair H. Pickus ("Pickus Decl.") at Exh. 2, p. 13.  Defendants supplemented their responses with AG31-36. These documents were not redacted.  Id.

Defendants explain that the redacted information includes employee absence codes, such as sick leave or vacation leave, and notations related to an unassociated incident.  Defendants also state that none of the redacted information applies to the named Defendants in this case. The Court has reviewed the documents and finds that none of the redacted information is relevant to this case.  As such, Defendants do not have to produce the unredacted versions.

## II. Plaintiff's Request for Production of Documents No. 8

RFP No. 8 requests the disclosure of other civil lawsuits in which the Defendants are named as defendants, including the short title (case name) and the case number.  ECF No. 32 at 52.  In response, Defendant Aviles produced the document bates-stamped AG38, which lists the lawsuits in which Defendant Aviles is a named defendant.  Defendant Aviles redacted the following information from AG38: his first name, matter identification numbers, area of law codes, and various contact information.  Defendants claim that the redacted information has minimal relevance to the instant case, is protected by privacy and confidentiality concerns, and constitutes attorney work product of the Attorney General.  ECF No. 32 at 52.  Plaintiff's original concern was that the document was so heavily redacted he could not determine where the cases

1    were filed and could not use the information in this case.  ECF No. 44 at 8.

2           The Court rejects Defendants' argument that any of the redacted information is protected

3    by the attorney work-product doctrine.  The Court finds that some of the information, such as

4    full names and Defendant's phone number, present privacy concerns.   However, the most

5    significant factor for the Court is that the redacted information has minimal, if any, relevance to

6    the instant litigation.  The redacted document provides Plaintiff with exactly what he requested:

7    "Short Title (case name) and the Case Number."  ECF No. 32 at 53.  The document does not

8    identify the court in which each case was filed.  While Plaintiff cannot force Defendants to add

9    information to a document in response to an RFP [see Fed. R. Civ. P. 34(b)(2)], the undersigned

10   recognizes all of the judges and case numbers identified in the listed cases and confirms that all

11   of the cases were filed in the Southern District of California or Ninth Circuit.  As such, Plaintiff

12   can use the case title and number to obtain the complaint and additional information regarding

13   the allegations and parties involved.  Defendants do not have to produce an unredacted version.

14   **III. Plaintiff's Request for Production of Documents Nos. 4 & 6**

15          In response to the Court's order on RFP Nos. 4 and 6, Defendants provided unredacted

16   copies of the memoranda dated August 12, 2020, November 9, 2020, and June 17, 2019, so the

17   Court could determine whether the Official Information Privilege applies.  See ECF No. 45 at 10.

18   The first two documents are disciplinary proceedings ("Notice of Adverse Action") against

19   Defendant Aviles obtained from his personnel file.  The third document details Lieutenant A.

20   Aguirre's confidential investigation into Plaintiff's 602 prison grievance.  Because Defendants

21   satisfied the threshold requirement for application of the Official Information Privilege, the Court

22   must review the identified documents and perform the required analysis to determine the

23   applicability of the Official Information Privilege.  See ECF No. 45 at 13-14.  The balancing test

24   requires that "courts must weigh the potential benefits of disclosure against the potential

25   disadvantages."  Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990).  "In civil

26   rights cases against police departments [or correctional officers], the balancing test should be

27   'moderately pre-weighted in favor of disclosure.'"  Moore v. Lankford, Case No. 19cv2406-

28   DMS(BLM), 2020 WL 6700515, at *1 (S.D. Cal. Nov. 12, 2020) (quoting Soto v. Concord, 162

F.R.D. 603, 613 (N.D. Cal. 1995) (citing Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987))).

The Kelly court provided a non-exhaustive list of factors (taken from Frankenhauser v. Rizzo, 59 F.R.D. 339 (E.D. Pa. 1973)) that may be considered when engaging in this weighing process: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which government self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.  Kelly, 114 F.R.D. at 663.  In making this determination, courts must conduct "a situation specific analysis of the factors made relevant by the request in issue and the objection to it."  Id.

With regard to the tenth factor, Defendants argue that information in the August 12, 2020 and November 9, 2020 memoranda is not relevant to this case, except to impermissibly attack Defendant Aviles' credibility using character evidence.  The Court disagrees and finds that the Notice of Adverse Action reports are relevant to this case as potential impeachment evidence because the facts of the August 12, 2020 investigation could support a conclusion that Defendant Aviles submitted a false report and the November 9, 2020 report specifically found that Defendant Aviles engaged in "dishonesty."  See Darraj v. County of San Diego, Case No. 11cv1657-AJB(BGS), 2012 WL 5966854, at *5 (S.D. Cal. 2012) (finding that evidence of false reports or false statements "may lead to valuable motive, intent, pattern, or credibility evidence").  As such, this factor weighs heavily in favor of producing the reports.  Id. (finding that the need for documents related to other incidents of false reports or false statements can

4

outweigh an officer's confidentiality interest under the Official Information Privilege balancing analysis). Factors 8 and 9 also weigh in favor of production as Plaintiff's case is non-frivolous and brought in good faith and the information regarding Defendant Aviles' misconduct is not available from any other source.  Factors 4, 5, and 6 also weigh in favor of production as Plaintiff is seeking factual information, Plaintiff is not a defendant in the incidents in the reports, and the investigation in both reports has been completed.  Defendants argue that factors 1, 2, and 3 favor enforcement of the Official Information Privilege because opening up an officer's personnel file will have a direct, chilling result on CDCR's ability to both recruit new employees and retain current employees, and the disclosure of such reports will put significant strain on an already tenuous relationship between custodial officers and inmates.  Defendants argue that a protective order will not deter Plaintiff from sharing the contents of the memoranda with fellow inmates. The Court agrees that these concerns generally favor protection; however, in this case, the fact that Defendant Aviles was found to have engaged in misconduct mitigates the potential impact on future officers and officers who do not engage in misconduct.  The Court also finds that the concerns are minimized since Defendant Aviles no longer works for the CDCR.  Finally, the Court finds that factor 7 is neutral as the reports at issue are the intradepartmental disciplinary proceedings.

After weighing the relevant facts, the Court finds that the benefits of disclosure outweigh the potential disadvantages and that the Official Information Privilege does not bar disclosure of the August 12, 2020 and November 9, 2020 reports.  Defendants argue that if the Court orders the production of these documents, the production should be limited to the Statement of Facts and all personal information should be redacted.  The Court has reviewed both documents and finds that the relevant portions are the "III. Statement of Causes" and "V. Statement of Facts."  Defendants must produce those portions of each Notice of Adverse Action report pursuant to the protections set forth at the end of this order.  Defendants must produce the entire section but may redact the name (other than first initial of each name) of every inmate and CDCR employee (including Internal Affairs Special Agents) and the identifying number of each inmate.

20-cv-1109-MMA(BLM)

Regarding Lieutenant Aguirre's June 17, 2019 memorandum, Defendants explain that it details the confidential investigation into Plaintiff's 602 prison grievance arising out of the incident at issue in this litigation. Defendants state that the supporting documents reviewed by Lieutenant Aguirre were produced to Plaintiff in discovery.[1] Defendants argue that the need to retain confidentiality of the investigative report is of the utmost importance.

In support of factors 1, 2, and 3, Defendants argue that appeal investigations are intentionally confidential because disclosure of such information may put the interviewed inmates at extreme risk because any perception of cooperation by inmates with custody staff can subject, and has subjected, perceived cooperators to extreme violence. Additionally, Defendants explain that because Plaintiff lived in close proximity to the interviewed inmates, redacting the names of the inmates interviewed will not guarantee the necessary anonymity to protect them. The Court agrees with these concerns for the reasons stated. The Court also finds that disclosure of this confidential investigation could discourage individuals from giving information to prison officials, thereby negatively impacting prison processes, including the prison's ability to perform self-evaluation and program improvement. Accordingly, these factors strongly favor enforcement of the Official Information Privilege. Factor 4 also weighs in favor of enforcement of the privilege, although less strongly, because while the memorandum contains both factual data and an evaluative summary, most of the relevant factual information has been provided to Plaintiff. Factors 5 and 6 weigh in favor of production of the report because Plaintiff is not a defendant in the investigation and the investigation is complete. Factor 7 is neutral because it is unclear if any intradepartmental disciplinary proceeding occurred as a result of the investigation. Factor 8 weighs in favor of production of the memorandum because Plaintiff's case is non-frivolous and brought in good faith. Factors 9 and 10 weigh against production as

---

[1] Defendants produced the supporting documents, including the response to Plaintiff's 602 appeal, bed assignments, and an administrative segregation unit placement notice, at AG21-30. ECF Nos. 32 at 50-51; 40 at 15-16; 45 at 10. The Court has reviewed the redactions on AG29 and finds the redactions are proper as they have minimal if any relevance to this case and for privacy reasons. Defendants do not have to produce an unredacted version of AG29.

20-cv-1109-MMA(BLM)

the factual information in the memorandum (interviews of potential witnesses) is available by other methods of discovery.  In addition, the factual information in the report is not helpful to Plaintiff's case.  After conducting the required balancing analysis, the Court finds that the potential benefits of disclosure are dramatically outweighed by the potential disadvantages. Accordingly, the Court finds that the Official Information Privilege bars disclosure of the June 17, 2019 memorandum.

## CONCLUSION

For the reasons set forth above, Defendants must produce portions of the August 12, 2020 and November 9, 2020 Notice of Adverse Action reports concerning Defendant Aviles disciplinary proceedings by **<u>December 3, 2021</u>** in accordance with the procedures set forth below:

1. August 12, 2020 Notice of Adverse Action: Defendants must produce the "Notice of Adverse Action, F. Aviles, Correctional Officer, Richard J. Donovan Correctional Facility" at the top of page 1, the entire Section III. Statement of Causes at the bottom of page 1 and top of page 2, and the entire Section V. Statement of Facts at pages 3-5.  The Court finds that the information set forth in the rest of the document is not relevant to the instant litigation. Defendants may redact the name (other than first initial of each name) of every inmate and CDCR employee (including Internal Affairs Special Agents) and the identifying number of each inmate.

2. November 9, 2020 Notice of Adverse Action: Defendants must produce the "Notice of Adverse Action, F. Aviles, Correctional Officer, Richard J. Donovan Correctional Facility" at the top of page 1, the entire Section III. Statement of Causes at the bottom of page 1, and the entire Section V. Statement of Facts at pages 10-14.  The Court finds that the information set forth in the rest of the document is not relevant to the instant litigation. Defendants may redact the name (other than first initial of each name) of every inmate and CDCR employee (including Internal Affairs Special Agents) and the identifying number of each inmate.

3. The two Notice of Adverse Action reports are being provided to Plaintiff pursuant to a court-ordered protective order.  Specifically, Plaintiff must comply with the following conditions:

20-cv-1109-MMA(BLM)

a.    Plaintiff may not give or show the documents or copies thereof to any person.   Plaintiff may not tell, or otherwise share, with another person any of the information contained in the documents.

b.    Plaintiff must seek permission of the Court before Plaintiff uses the documents or information contained within the documents in any way.  If Plaintiff wants to file the documents or information contained in the documents to support or oppose a motion, Plaintiff must seek permission from the Court to file the documents and information under seal.

c.    The documents and information contained therein may be used only for purposes of this litigation.  Upon final termination of this action, Plaintiff must return both documents to defense counsel.

d.    If Plaintiff violates any of the conditions of this protective order, the Court may impose monetary and/or evidentiary sanctions against Plaintiff, including excluding evidence, dismissing the case, and contempt of court.

**IT IS SO ORDERED**.

Dated:  11/22/2021

Hon. Barbara L. Major
United States Magistrate Judge

20-cv-1109-MMA(BLM)