UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIVER RAMIREZ,<br><br>                                    Plaintiff,<br><br>v.<br><br>R. GUTIERREZ, et al.,<br><br>                                    Defendants. | Case No.: 20-cv-01109-MMA(BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[EFC No. 52]** |

On February 27, 2022, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, submitted a Motion to Appoint Counsel that was received on March 1, 2022.  ECF No. 52; see also ECF No. 6 (order granting motion to proceed in *forma pauperis*).  In support of his Motion, Plaintiff alleges that counsel should be appointed because: (1) he is indigent and cannot afford a lawyer; (2) he has limited education and no legal training; (3) his case is complex; (4) expert testimony will be required; (5) discovery will be required; (6) his imprisonment limits his ability to investigate and locate witnesses; (8) he is ill-suited to handle issues of conflicting testimony and credibility on his own; (9) he has demanded a jury trial; and (10) he is unable to analyze the issues in this case due to his head injury.  Id. at 52 at 1-6.  Having considered Plaintiff's Motion and the applicable law, the Motion is **DENIED** for the reasons set forth below.

## LEGAL STANDARD

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Only "rarely" will a federal court find a case to be so complex that it is appropriate to appoint counsel for a civil litigant who faces no loss of liberty in the controversy at hand. Williams v. Navarro, No. 3:18-cv-01318-DMS-RBM, 2021 WL 634752, at *2 (S.D. Cal. Feb. 17, 2021). This includes civil rights litigation involving excessive use of force, deliberate indifference to medical care, retaliation, and cruel and unusual punishment claims. See Thompson v. Burach, 513 Fed. Appx. 691, 693 (9th Cir. 2013) (upholding denial of appointment of counsel for pro se prisoner where excessive force claim did not demonstrate exceptional circumstances); see also Goldstein v. Flament, 167 Fed. Appx. 678, 680-81 (9th Cir. 2006) (upholding denial of appointment of counsel for pro se prisoner where retaliation and Eighth Amendment deliberate indifference to medical needs claims did not demonstrate exceptional circumstances); see also Miller v. McDaniel, 124 Fed. Appx. 488, 489-90 (9th Cir. 2005) (upholding denial of appointment of counsel for pro se prisoner where Fourteenth Amendment right to informational privacy and Eighth Amendment right to be free from cruel and unusual punishment claims did not demonstrate exceptional circumstances and plaintiff had the ability to articulate his claims).

///
///
///
///

## DISCUSSION

Here, there are no "exceptional circumstances" to justify appointment of counsel at this time. Plaintiff's claims "are typical of almost every pro se prisoner civil rights plaintiff and alone" are insufficient to satisfy the "exceptional circumstances" standard. See Thompson v. Paramo, No. 16CV951-MMA (BGS), 2018 WL 4357993, at *1 (S.D. Cal. Sept. 13, 2018); see also Jones v. Kuppinger, 13CV451-WBS (AC), 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel."); Morris v. Barr, No. 10-CV-2642-AJB BGS, 2011 WL 3859711, at *3 (S.D. Cal. Aug. 31, 2011) (finding "the potential need for experts, and [plaintiff's] ability to obtain discovery and conduct depositions are not exceptional circumstances warranting the appointment of counsel"); Alvarez v. Ko, 16-CV-1302-CAB-NLS, 2017 WL 3131633, at *3 (S.D. Cal. July 24, 2017) (finding all—or nearly all—prisoner claims based upon civil rights violations pursuant to 42 U.S.C. § 1983 involve defenses of qualified immunity and issues of supervisory liability).

Thus far, Plaintiff has drafted and submitted several pleadings without the assistance of counsel. See Docket. In addition to the instant Motion, Plaintiff has submitted a complaint [ECF No. 1], a motion to proceed *in forma pauperis* [ECF No. 2], a prisoner trust fund account statement [EFC No. 4-5], an amended complaint [EFC No. 23], an opposition to *ex parte* motion [EFC No. 28], a motion to compel discovery [EFC No. 32], and a reply to Defendant's opposition to the discovery motion [EFC No. 44]. The Court notes that Plaintiff's motion to compel discovery was well-written, well-reasoned, accompanied by supporting evidence, and partially successful. See ECF Nos. 32, 45, 48. From the Court's review of Plaintiff's pleadings and discovery efforts, it is clear that Plaintiff is able to articulate his claims and arguments.

In his Amended Complaint, Plaintiff alleges causes of action for (1) cruel and unusual punishment; (2) Equal Protection Clause violations; (3) use of excessive force; (4) official acts of deliberate indifference; (5) refusal and failure to provide immediate or near immediate medical care to an inmate; and (6) fabrication of state prison records as a means to create false

and misleading records. See EFC No. 23 at 3, 12, 18. The Court has reviewed the Amended Complaint and discovery arguments and they establish that Plaintiff's claims are "relatively straightforward" and similar to many cases that have been considered by this Court. Harrington v. Scribner, 785 F.3d 1299, 1309 (9th Cir. 2015). The claims and issues are not complex and Plaintiff's demonstrated ability to articulate his arguments establish that this case is not an "exceptional" one warranting the appointment of counsel at this stage. See Taa v. Chase Home Fin., 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012) (noting that plaintiffs' lack of legal training and poverty did not constitute exceptional circumstances, as these are the types of difficulties many other litigants face in proceeding pro se); see also Wilborn, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex issues."); LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming a district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions").

Additionally, Plaintiff asserts that as a result of his injuries on March 17, 2019, he is unable to "rationalize the issues" in his case, and his ability "to learn has been greatly downgraded." See EFC No. 52 at 2, 6, 11. However, Plaintiff's purported mental impairments have not prevented him from articulating the facts and circumstances relevant to his claims. See Fletcher v. Quin, No. 15CV2156-GPC (NLS), 2018 WL 840174, at *2 (S.D. Cal. Feb. 13, 2018) (impairment must be "an incapacitating mental disability" and be supported by "substantial evidence of incompetence). Though mental disability may be grounds for appointment of counsel in some cases, there must be substantial evidence of a plaintiff's incompetence. Id. "The court must be able to find a nexus between the mental disorder and the plaintiff's ability to articulate his claims." Id.; see also McElroy v. Cox, No. 08-1221-JM (AJB), 2009 WL 4895360, at *2 (E.D. Cal. Dec. 11, 2009). Plaintiff has not established that his mental disabilities are incapacitating, that he is incompetent, or that his mental disability or mental impairment significantly impedes his ability to articulate his claims or litigate his case. West v. Dizon, No. 12CV1293-DAD P, 2014 WL 114659, at *4 (E.D. Cal. Jan. 9, 2014) (denying appointment of counsel when mental

disability was only alleged and plaintiff submitted no evidence as to the "nature or effects" of the disability). Without more specific and current information regarding his mental impairments, the Court cannot find a nexus between Plaintiff's cognitive capability and his alleged inability to articulate his claims. In fact, as discussed above, Plaintiff has done a very good job of articulating his claims and arguments.

Finally, Plaintiff contends he should be appointed counsel because he has demanded a jury trial and is ill-suited to handle issues of conflicting testimony and credibility on his own. EFC. No. 52 at 6–7. These concerns do not present an exceptional circumstance warranting appointment of counsel at this time. Although discovery has concluded, Plaintiff's claims have not yet survived summary judgment. See Leon v. Celaya, No. 20-cv-0899-AJB-BGS, 2021 WL 533514, at *4 (S.D. Cal. Feb. 12, 2021) (citing Miller v. LaMontagne, No. 10-cv-702-WQH(BGS), 2012 WL 1666735, at *2 (S.D. Cal. May 11, 2012) (noting a plaintiff's concerns regarding trial did not present an exceptional circumstance warranting appointment of counsel because the case had not yet survived summary judgment)). Because Plaintiff has not established the requisite "exceptional circumstances," the Court declines to appoint counsel at this time. Plaintiff's Motion for Appointment of Counsel is **DENIED**.

**IT IS SO ORDERED**.

Dated: 3/30/2022

Hon. Barbara L. Major
United States Magistrate Judge

5

20-cv-01109-MMA(BLM)